UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROYCE LOCKETT,<br><br>                             Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Respondent. | Case Nos. 12-CV-845-JPS<br>10-CR-152-JPS<br><br>ORDER |

1.    BACKGROUND

On August 20, 2012, federal prisoner Royce Lockett ("Lockett"), proceeding *pro se*, filed a motion (Docket #1) pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this Court on September 23, 2011, in criminal case number 10-CR-152-JPS. Lockett, a former officer of the City of Milwaukee Police Department, pled guilty to one count of attempting to aid and abet the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, as well as 18 U.S.C. § 2. (the "Offense of Conviction") (Docket #43, 11); (Docket #42, 1).

In its screening order pursuant to Rule 4 of the Rules Governing § 2255 Proceedings (the "Rule Four Screening Order"), the Court determined that Lockett's § 2255 motion is not time-barred and the sole ground he raises – ineffective-assistance-of-counsel – is not procedurally-defaulted. (Docket #2).

That order directed both the government and Lockett's attorney, Dennis P. Coffey, to respond to the ineffective-assistance-of-counsel claim and provided a timeline for any reply by Lockett. Mr. Coffey has not filed a

response, though the government has filed a brief in response (Docket #7) and Lockett has filed a reply submission (Docket #8).

Although Mr. Coffey has forfeited his opportunity to respond, Lockett's § 2255 motion is otherwise fully-briefed and so the Court will proceed to address that motion *infra* on the merits.

2. ANALYSIS

As the Court noted in the Rule Four Screening Order, Lockett raises only one ground for relief as evidenced by his question presented: "Did the attorney violate Royce Lockett's constitutional right to have effective assistance of counsel for his defense when the attorney advised Lockett to plead guilty, although the evidence presented in the criminal complaint was insufficient." (Docket #1, 2); (Docket #2, 2).

In his § 2255 motion, "Lockett contends that the evidence presented in the criminal complaint was insufficient as a matter of law to sustain a conviction for attempt, and therefore the attorney should not have advised that Lockett plead to the charged conduct." (Docket #1, 3).

First, the Court is obliged to note that, in the course of his fullsome plea colloquy, Lockett agreed with the factual predicate set forth in Attachment A to his plea agreement (the "Plea Agreement"). (10-CR-152: Docket #33, 2). Moreover, Lockett agreed that he was in fact guilty of the offense charged and entered a plea of "Guilty" as to that offense. (*Id.*).

The pertinent portion of the factual predicate set forth in Attachment A to the Plea Agreement – "Lockett offered to have an associate meet CHS at CHS's truck and transport CHS and the purported cocaine to a different

location" (10-CR-152: Docket #26, 15 (page 2 of Attachment A))[1] – is omitted from the "STATEMENT OF FACTS" section of Lockett's § 2255 brief but not disclaimed. (Docket #1, 2-3). That omitted statement, when viewed in the full context set forth in Attachment A to the Plea Agreement, logically satisfies the elements of the Offense of Conviction. *See* (10-CR-152: Docket #26, 3).

Against that backdrop, it is no wonder that Lockett's argument veers off course by arguing that "[t]he matter before this court is whether the evidence, taken in its entirety, is sufficient to prove Lockett attempted to possess cocaine with the inten [sic] to distribute." (Docket #1, 3). By this formulation, Lockett misses a critical nuance: the distinction between attempting to *aid and abet* possession and attempting to *possess.*

Given that Lockett's § 2255 motion misses that crucial distinction and in light of the fullsome plea colloquy in this case, *see* (10-CR-152: Docket #33, 2), combined with the factual predicate set forth in Attachment A to the Plea Agreement, the Court is obliged to find that Lockett's § 2255 motion claiming ineffective-assistance-of-counsel is without merit because, as a matter of logic, counsel need not challenge the sufficiency of the factual predicate as against a crime that was *not charged. See generally Woolley v. Rednour*, 702 F.3d 411, 420 (7th Cir.) ("To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel was deficient in his performance and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir.2009).").

---

[1] It bears noting that, within three hours of that offer, a known associate of Lockett in fact transported CHS and the beer keg containing the "cocaine" to a different location. (10-CR-152: Docket #26, 16 (page 3 of Attachment A)).

Put plainly, Locket mistakenly argues in terms of a different crime (attempt to *possess* cocaine) than Lockett's count of conviction (attempting to *aid and abet* the possession with intent to distribute cocaine) and so the Court is obliged to deny his § 2255 motion.[2]

Accordingly,

IT IS ORDERED that Royce Lockett's "Motion to Vacate, Set Aside or Correct Sentence" (Docket #1) be and the same hereby is DENIED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] The Court will deny Lockett's § 2255 motion for the reasons set forth above. For the sake of completeness, however, the Court notes that Lockett's fullsome plea colloquy contains his affirmation that he had an adequate opportunity to discuss the case with his attorney and was fully satisfied with the services of his attorney. (10-CR-152: Docket #33, 2).